HOUSTON, Justice.
This is the second time these parties have been before this Court. See McMillan, Ltd. v. Warrior Drilling & Engineering Co., 512 So.2d 14 (Ala.1987), for a better understanding of the circumstances surrounding this case. We held on the first appeal that McMillan, Ltd., an Alabama limited partnership, had timely and effectively exercised its option to purchase stock' in Warrior Drilling & Engineering Company, Inc. (“Warrior”), an Alabama corporation owned by Howell Petroleum Corporation (“Howell”), a Delaware corporation with its principal place of business in Houston, Texas, and that McMillan was entitled to prevail on its claim for specific performance of the option, unless that claim was barred by the equitable defenses of waiver, acquiescence, estoppel, or unclean hands. In reversing the summary judgment for Warrior and Howell, we stated, in pertinent part, as follows:
“[T]he viability of each of these defenses is a factual determination that must be left to the trier of fact unless only one reasonable inference can be drawn from the evidence. [Citations omitted.] It is sufficient to state that genuine issues of material fact clearly exist as to the assertion of each of the above defenses. And, construing the evidence most favorably toward McMillan, as we must in reviewing the grant of summary judgment for [Warrior and Howell], we cannot say, as a matter of law, that McMillan waived its option rights; acquiesced in the breach of the option contract; is estopped from seeking specific performance of the option; or, through its conduct, should be charged with having ‘unclean hands’ within the meaning of that doctrine. We, therefore, cannot affirm the summary judgment on account of [Warrior and Howell’s] affirmative defenses.
“Based on the foregoing, we conclude that the judgment below is due to be reversed and the cause remanded for further proceedings.”
512 So.2d at 38. (Emphasis in original.) On remand, the trial court rejected all of the affirmative defenses raised by Warrior and Howell, except equitable estoppel. With respect to that defense, the trial court, after reviewing numerous exhibits and hearing conflicting ore tenus evidence, entered a 29-page judgment in which it found facts that it considered sufficient to estop McMillan from enforcing its option. McMillan appealed. We affirm.
The dispositive issue is whether the trial court’s factual findings support its conclusion that McMillan was estopped to enforce its option to purchase Warrior’s stock. Due to the factual complexity of this case, and because McMillan does not dispute the trial court’s findings of fact, we believe that it would be of little tangible benefit to the bench and bar to recite in detail the nature of the evidence presented at trial. Suffice it to say that the controversy between these parties centered around Howell’s purchase of Warrior. At the time of *153 this purchase, Warrior was attempting to reorganize under Chapter 11 of the Bankruptcy Act, and Howell was Warrior’s only hope for survival. Warrior’s largest creditor, First National Bank of Birmingham (now AmSouth Bank), was attempting to persuade the bankruptcy court to order a liquidation of Warrior’s assets under Chapter 7 of the Bankruptcy Act. The trial court found that McMillan, which had an option to purchase stock from Warrior’s majority stockholder, William E. Tucker, knew that Howell had agreed to purchase Tucker’s stock only if his stock was not subject to any outstanding purchase options and that McMillan had concealed from Howell the existence of its option until Howell had incurred millions of dollars in expense and was, for all practical purposes, committed to purchase Warrior. The trial court also found that McMillan’s apparent motivation for concealing the existence of its option was to preserve the value of the option, as well as the value of a security interest in a number of shares of Warrior’s stock that it had received in exchange for a $100,000 personal loan to Tucker. We conclude that these facts, contrary to the argument made by McMillan, support the trial court’s holding that McMillan was estopped to enforce its option to purchase Warrior’s stock. See Haginas v. Haginas, 598 So.2d 1334 (Ala.1992), in which this Court recently discussed the well-established elements of equitable estoppel:
“The actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct, or silence. The other relies upon that communication. And the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct.”
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.